RECEIVED
MAY 29 2013
PRO SE OFFICE

UNITED STATES DISTRICT COURT
~~SOUTHERN~~ DISTRICT OF NEW YORK
EASTERN
-----------------------------------------------------------x

Ryan Baglivi,

       Plaintiff

vs.                    A CIVIL ACTION

Thomas Chell, individually and as a Detective, shield
#1016, of the Police Department of the City of New
York and **The City of New York**,        JURY TRIAL
        Defendants         DEMANDED
-----------------------------------------------------------x

## COMPLAINT

### Introductory Statement

1. This is an action for damages sustained by a citizen of the Unites States against a Police Detective of the Police Department of the City of New York as well as the City of New York, the employer of the defendant Chell. The City of New York is sued as a person under 42 USC Sec. 1983 because of its condonation of the Official Misconduct complained of herein.

### Jurisdiction

2. This action is brought pursuant to 42 USC Sec. 1983 and Sec. 1988 and 1the Fourth Amendment and the Fourteenth Amendment to the United States Constitution. Jurisdiction is founded upon 28 USC Sec.1331 and 1343 (a) sub (1) (2) (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The amount in controversy exceeds $150,000.00 including interests and costs.

4. Plaintiff was, at all times relevant to the allegations of this complaint, and remains, a citizen of the United States and the State of New York.

5. At all times relevant hereto, the defendant Thomas Chell was employed by the Police Department of the City of New York as a Police Detective. He is being sued individually and in his capacity as a police officer.

6. The defendant City of New York is a municipal corporation within the State of New York and, at all relevant times acted under color of law and employed Thomas Chell as a Police Detective.

7. At all times relevant to the allegations of this complaint and in all of his actions herein, defendant Chell was acting as the agent, servant and employee of the City of New York and was acting under color of law and pursuant to his authority as a police detective.

## Factual Allegations

8. On or about March 13, 2012 the plaintiff was walking along Knickerbocker Ave., Brooklyn, New York, returning to his sister's Greene Avenue apartment after moving a car to avoid a parking summons.

9. While walking down the sidewalk plaintiff became aware of a SUV type vehicle driving at low speed along Knickerbocker Avenue to his left. The SUV pulled ahead, stopped, after which exited therefrom two persons who approached plaintiff rapidly in an aggressive and frightening manner.

10. Persons stated that they were police, and, at the same time, defendant Chell raised plaintiffs jacket and put his hands in plaintiff's pockets. Defendant Chell made no allegation nor inquiry as to plaintiff's activity; he simply emerged from a vehicle and searched plaintiff's pockets.

11. Defendant Chell removed from within plaintiff's right front pocket a small folding pocket knife with a blade approximately 2 inches long.

12. Plaintiff was handcuffed and transported to a police facility where he was searched and lodged in a detention cell for about 8 hours while his arrest was processed. Plaintiff overheard a superior officer say to defendant Chell his arrest of plaintiff "is a new low for you."

13. Plaintiff was some time thereafter released from custody on a desk appearance ticket (Copy annexed hereto and made part hereof as exhibit "1") charging him with possession of a knife with a blade in excess of 4 inches, in violation of sec. 10-133 (B) of the Administrative Code of New York City.

14. Defendant Chell prepared and swore to a document charging plaintiff with the offense outlined in paragraph 13 above. (Copy annexed hereto and made part hereof as exhibit "2")

15. <u>Plaintiff at no time possessed a knife with a blade in excess of 4 inches in length.</u>

16. After several appearances in court, it was determined that plaintiff never possessed a knife with a blade in excess of 4 inches long.

17. Thereafter, defendant Chell submitted to the court papers charging plaintiff with possession of a "switchblade" knife. Defendant Chell swore to a charging document that he "determined it was a switchblade by depressing a lever on said switchblade, thereby activating a spring mechanism which released the blade from said switchblade" in violation of sec 265.01 of the penal law of the State of New York. Copy thereof annexed hereto and made part hereof as exhibit "3"

18. <u>Plaintiff at no time, ever, possessed a switchblade knife</u>

19. Defendant Chell filed with the court a notice pursuant to sec 710.30(1)(a) of the Criminal Procedure Law of the State of New York which is false, in that plaintiff made no statements as to having a knife or where a knife might be situated on his person. A search was made of the plaintiff without consent, probable cause or warrant. (Copy thereof annexed hereto and made part hereof as exhibit "4")

20. Included in the various documents in the possession of the plaintiff is a *contradictory* statement by defendant Chell which states "AT T/P/O A/O DID OBSERVE DEFT IN POSSESSION OF A KNIFE IN PUBLIC VIEW. A/O DID RECOVER KNIFE FROM DEFT RIGHT PANTS POCKET" thereby substantiating plaintiff's claim to unlawful search. (Copy thereof annexed hereto and made part hereof as exhibit "5")

21. During a court appearance on March 21, 2013, matter was disposed and the records thereof immediately sealed by the court.

22. Without prejudice to his claim of an unlawful search conducted without probable cause, warrant or consent, plaintiff did have a small knife which was lawfully possessed and was not an unlawful weapon as charged. Furthermore, it was not visibly displayed as it was fully within his pocket and only retrieved after his pocket was unlawfully searched by defendant Chell.

23. As a result of the false charges referred to herein, plaintiff was required to make numerous appearances in court, had pending against him a criminal charge for a period in excess of 1 year, feared incarceration or additional significant expense and fears difficulty in obtaining meaningful employment in the future.

24. As a result of the wrongful and unlawful conduct complained of herein and heretofore described, plaintiff suffered damage, including, *inter alia,* suffering, loss of reputation, sleeplessness, stress, humiliation, fright, emotional distress, incurred legal fees and additional expenses in connection with the defense on the above referred to charges. In addition, he was otherwise damaged because of the hereinbefore and hereinafter detailed violations of his constitutional rights as a citizen of the United States and the State of New York.

25. The Abuse to which the plaintiff was subjected, was consistent to a well known, controversial and unlawful practice of the Police Department of the City of New York which is known to and approved by the defendant City of New York, which at no

time prevented defendant Chell from engaging or continuing to engage in the unlawful conduct complained of herein; namely, but not limited to, the unlawful search of persons without probable cause, warrant or consent, and lodging of criminal charges based on the unlawful search of persons.

26. Defendant City of New York authorized, tolerated as institutionalized practices and approved of the misconduct hereinbefore detailed by:

a. Failing to properly discipline, restrict and control its employees, including defendant Chell.

b. Failing to take adequate precautions on the hiring, assignment and retention of police personnel including specifically defendant Chell.

c. Failing to forward to the Kings County District Attorney evidence of criminal acts committed by police personnel and specifically defendant Chell.

d. Failing to implement proper procedures, guidelines and/or policies regarding the duty of police officers to protect persons, including this plaintiff, from official misconduct.

e. Allowing or permitting police officers, including defendant Chell, to unlawfully prosecute citizens, thereby condoning official misconduct

f. As a consequence of the abuse of authority detailed above, including the City's condonation of official misconduct, plaintiff has sustained the damages hereinbefore described.

g. Plaintiff contends that the conduct complained of herein could not exist without the collusion and condonation by the City of New York and its Police Department.

### FEDERAL CLAIM

The allegations set forth in paragraphs 1 thru 26 are incorporated herein by reference.

The hereinbefore described actions and omissions, engaged in under color of state authority by the defendants, including the City of New York, sued as a person, responsible because of its authorization, condonation and/or approval of the acts of its agent, deprived plaintiff of rights and immunities secured to him by the Constitution of the United States, including, but not limited to,

a. His Fourth Amendment rights to be free from unreasonable search of his person, unreasonable seizure, false arrest and unlawful imprisonment.

b. His Fourteenth amendment right to due process.

**WHEREFORE,** plaintiff demands the following relief:

**a.** Compensatory damages, jointly and severally against both defendants, in an amount to be determined by the jury.
**b.** Punitive damages against defendant Chell in an amount to be determined by the jury.
**c.** Order expunging all record of this unlawful arrests from city, state and federal databases.
**d.** Reasonable attorneys fees pursuant to 42 USC Sec. 1988
**e.** Such other and further relief as the court may deem just and proper.

DATED: Brooklyn, NY
May 29, 2013

Yours,

_____
RYAN BAGLIVI
PO Box 1211
Mattituck, NY   11952

631-356-8155
RBaglivi@gmail.com

Case 1:13-cv-03109-SLT-LB Document 1 Filed 05/29/13 Page 6 of 11 PageID #: 6

## POLICE DEPARTMENT OF THE CITY OF NEW YORK
### Desk Appearance Ticket

Precinct of Arrest: 083    DAT Serial No.: 083-00161    OLBS Arrest-ID: K12625453

The People of the State of New York VS.

Defendant Name: BAGLIVI, RYAN,
Defendant Address: 1399 GREENE AVENUE, 3A, BROOKLYN, NY

Age: 23 yrs    Date of Birth: 08/04/1988

You are hereby summoned to appear in the Criminal Court of the City of New York, to answer a criminal charge made against you.

Top Offense Charged: PL 265.01 01
County: Kings    Arraign/Part: DAT
At LOC: 120 Schermerhorn Street, Brooklyn, NY 11201

Time: 09:30 AM    Room: AL-2    Date: 04/16/2012

Instructions for Defendant

You must appear at the time and date indicated above, and present this form to the court clerk.

Should you fail to appear for the offense charged above, in addition to a warrant being issued for your arrest, you may be charged with additional violations of the penal law which upon conviction may subject you to a fine, imprisonment or both. Additionally, if you fail to comply with the directions of this Desk Appearance Ticket, any bail paid will be subject to forfieture.

Additional Instructions: _____

**Acknowledgement of Defendant:**

I, the undersigned, do hereby acknowledge receipt of the above Desk Appearance Ticket, personally served upon me, and do agree to appear as indicated.

Defendant Signature: X [signature]    Time: 16:30    Date: 3/13/12

Photographed by: Det Chell    Time: 15:30    Date: 3/13/12

FingerPrinted?: __

Arresting Officer: CHELL, THOMAS    Shield: --    Rank: DT3    Tax Reg.: 903607

Squad: GANG UNIT BROOKLYN NORTH    Command: 594    Agency: NYPD

Address of Agency if not NYPD: _____

Was cash bail accepted?: __    Amount: $ ___

Signature Issuing Officer: [signature] Det [Chell]    Date: 3/13/12    Signature Desk Officer: [signature]

EXHIBIT 1

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

2012KN038575

STATE OF NEW YORK
COUNTY OF KINGS

v

RYAN J BAGLIVI

DETECTIVE THOMAS W CHELL SHIELD NO.1016, OF BROOKLYN NORTH GANG SQUAD COMMAND SAYS THAT ON OR ABOUT MARCH 13,2012 AT APPROXIMATELY 02:10 PM AT KNICKERBOCKER AVE AND BLEEKER ST COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

AC 10-133(B)     POSSESSION OF KNIVES OR INSTRUMENTS WITH WITH A
                 BLADE OF FOUR INCHES OR MORE

IN THAT THE DEFENDANT DID:

CARRY ON HIS OR HER PERSON OR HAVE IN SUCH PERSON'S POSSESSION, IN ANY PUBLIC PLACE, STREET OR PARK ANY KNIFE WHICH HAD A BLADE LENGTH OF FOUR INCHES OR MORE.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, WHICH WAS PUBLIC, DEPONENT OBSERVED THE DEFENDANT IN POSSESSION OF A KNIFE THAT HAD A BLADE IN EXCESS OF FOUR INCHES IN LENGTH IN THAT DEPONENT DID RECOVER SAID KNIFE FROM THE DEFENDANT'S PERSON.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

5/3/12          Det. [signature]
DATE            SIGNATURE

Printed 05/03/2012 13:51    K12625453    Arrested: 03/13/2012 14:10

CX#1317  2

BNGS     Fax.718-574-0426     Oct 1 2012 06:36pm P001/001
KCDA     Fax 718-250-3069     Oct 1 2012 05:43pm P001/001

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

STATE OF NEW YORK
COUNTY OF KINGS

-v-

RYAN J BAGLEY

DETECTIVE THOMAS A CRELL SHIELD NO. 1015, OF BROOKLYN NORTH GANG SQUAD COMMAND SAYS THAT ON OR ABOUT MARCH 13, 2012 AT APPROXIMATELY 02:10 PM AT KNICKERBOCKER AVE AND BLEEKER ST COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 265.01(1)
CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE

IN THAT THE DEFENDANT DID:

POSSESS ANY FIREARM, ELECTRONIC DART GUN, ELECTRONIC STUN GUN, GRAVITY KNIFE, SWITCHBLADE KNIFE, PILUM BALLISTIC KNIFE, METAL KNUCKLE KNIFE, CANE SWORD, BILLY, BLACKJACK, BLUDGEON, PLASTIC KNUCKLES, METAL KNUCKLES, CHUKA STICK, SAND BAG, SANDCLUB, WRIST-BRACE TYPE SLINGSHOT OR SLINGSHOT, SHIRKEN OR KUNG FU STAR

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, WHICH WAS PUBLIC, DEPONENT OBSERVED THE DEFENDANT IN POSSESSION OF SWITCHBLADE THAT DEPONENT DID RECOVER SAID SWITCHBLADE FROM THE DEFENDANT'S PERSON

DEPONENT FURTHER STATES THAT, AT THE ABOVE TIME AND PLACE, THE DEPONENT DETERMINED THE ABOVE DESCRIBED SWITCHBLADE TO BE A SWITCHBLADE BY DEPRESSING A LEVER ON SAID SWITCHBLADE, THEREBY ACTIVATING A SPRING MECHANISM WHICH RELEASED THE BLADE FROM SAID SWITCHBLADE

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

10/1/12    Det ___
DATE            SIGNATURE

EXHIBIT 3





**OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY**

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

CHARLES J. HYNES
*District Attorney*

---

THE PEOPLE OF THE STATE OF NEW YORK

- against -

**BAGLIVI, RYAN**   K12625453

Defendant(s)

**NOTICE PURSUANT TO CPL 710.30(1)(a)**

Please take notice that statements in the form noted below were made by the defendant or by a co-defendant to be tried jointly, other than in the course of the criminal transaction, to a public servant engaged in law enforcement activity or to a person then acting under the direction of or in cooperation with such a public servant. Please take further notice that the People intend to offer evidence of the below statement(s) of the defendant(s) on the People's direct case at trial of this action. A transcript of any stenographically recorded statement(s) or copy of any written statement(s) are either appended or will be made available to counsel at a mutually convenient time. A copy of any electronically recorded statement(s) will be provided counsel following the receipt of an appropriate blank cartridge.

**BAGLIVI, RYAN**

Form of Statement Oral       Date and Time 03/13/12 14 12       Place   KNICKERBOCKER AVE AND BLEEKER

To Whom Made   THOMAS CHELL, shield:1016, CMD 594       Tape No.

Substance of above statement:
DEF STATES IN SUM AND SUBSTANCE THE DEF HAS THE DEF'S KNIFE IN THE DEF'S POCKET. THE DEF JUST MOVED TO BROOKLYN FROM LONG ISLAND AND WAS NOT AWARE OF THE NYC LAWS.

EXHIBIT Y

# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 594 | Jurisdiction: N.Y. POLICE DEPT | Record Status: Ready for Signoff, with Arrest | Complaint #: 2012-083-01698 |
|---|---|---|---|

**Occurrence Location:** NORTH EAST CORNER BLEECKER STREET & KNICKERBOCKER AVENUE
**Name Of Premise:**
**Premises Type:** STREET
**Location Within Premise:** PUBLIC SIDEWALK
**Visible By Patrol?:** YES

**Precinct:** 083
**Sector:** 1
**Beat:**
**Post:**

**Occurrence From:** 2012-03-13 14:10 TUESDAY
**Occurrence thru:** 2012-03-13 14:10
**Reported:** 2012-03-13 14:30
**Complaint Received:** PICK-UP

Aided #
Accident #
O.C.C.B. #

**Classification:** CRIM POSS WEAPON
**Attempted/Completed:** COMPLETED
**Most Serious Offense Is:** MISDEMEANOR
**PD Code:** 782 CRIM POSS WEAPON 4M
**PL Section:** 26501
**Keycode:** 236 DANGEROUS WEAPONS

**Case Status:** CLOSED
**Unit Referred To:**
**Clearance Code:** DETECTIVE ARREST
**Log/Case #:** 0
**File #:** 99
**Prints Requested?:** NO

| Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO | | |
|---|---|---|---|
| Gang Related? NO | Gang Intel Log #: | Name Of Gang: | Child Abuse Suspected? NO |
| DIR Required? NO | | Child in Common? NO | Intimate Relationship? NO |

**If Burglary:**
Forced Entry?
Structure:
Entry Method:
Entry Location:

**Alarm:**
Bypassed?
Comp Responded?:
Company Name/Phone:
Crime Prevention Survey Requested?:

**If Arson:**
Structure:
Occupied?:
Damage by:

| Supervisor On Scene - Rank / Name / Command : | Canvas Conducted: NO | Interpreter(if used): |
|---|---|---|

**NARRATIVE:**
AT T/P/O A/O DID OBSERVE DEFT IN POSSESSION OF A KNIFE IN PUBLIC VIEW. A/O DID RECOVER KNIFE FROM DEFT'S RIGHT PANTS POCKET.

EXHIBIT 5



### SUPPORTING DEPOSITION - POSSESSION OF KNIVES OR INSTRUMENTS WITH BLADES IN EXCESS OF FOUR INCHES (AC 10-133(B)) – Page 1 of 2

CRIMINAL COURT OF THE CITY OF NEW YORK
PEOPLE OF THE STATE OF NEW YORK

against

Baglivi, Ryan
(Defendant)

Arrest No. K12625453Z

I, Det Chell Thomas, Shield No. 1016, am a Police Officer for the New York City Police Department, On 3/13/12 (date), at 1410 (time) at c/o Knickerbocker Ave + Bleecker St (location), County of Kings, I observed the defendant:

1. LOCATION:

   ☐ on a roadway    ☒ on a sidewalk    ☐ on park grounds

   ☐ in a parking area    ☐ in a shopping area    ☐ on a beach

   ☐ in an alley or alleyway    ☐ in a plaza    ☐ in a driveway

   ☐ in a doorway or entranceway    ☐ on a subway platform    ☐ on a bridge

   ☐ in a playground or place of amusement

   ☐ other (describe location) _____

which is a public place, and in possession of a:

2. KNIFE OR DANGEROUS INSTRUMENT:

   ☒ knife with a blade measuring more than four inches in length

   ☐ instrument, specifically (describe object) _____
   with a blade measuring more than four inches in length

which I recovered from:

3. RECOVERY:

   ☐ defendant's hand.    ☒ defendant's pants pocket.

   ☐ the ground where I observed defendant drop it.

   ☐ the ground where I observed defendant throw it.

   ☐ defendant's person.

   ☐ other (describe location of recovery) _____

False statements made herein are punishable as a class A Misdemeanor pursuant to section 210.45 of the penal law.

3/13/12    Det 7[signature]
Date        Signature of Police Officer

Rev. 11/17/98